## Shoffstahl's Estate.

*Will—Legacies—Personal estate inadequate to pay legacies—Real estate—Act of June 7, 1917.*

Where the personal estate of a testator is inadequate to pay the pecuniary legacies in full, and this situation results from the will itself, such legacies, under the Act of June 7, 1917, P. L. 403, are payable out of real estate not specifically devised.

Petition by surviving spouse, Uriah S. Shoffstahl, for appointment of appraisers to set apart to him real estate to the value of $5000, under section 2 (*a*) of the Intestate Act of June 7, 1917, P. L. 429, as amended by the Act of July 11, 1917, P. L. 755, and demurrer thereto. O. C. Jefferson Co., Oct. T., 1922, No. 39.

*W. N. Conrad,* for petitioner; *Brown & Means,* for demurrants.

CORBET, P. J., May 28, 1923.—Deceased, before and at the time of her death, on Oct. 1, 1922, was the owner of a lot of land in the Borough of Brookville,

and of the undivided one-third part of two pieces of land in Pine Creek Township. She left a spouse surviving, the petitioner, and other kindred, but no issue. She also left a last will and testament, which has been duly proven and recorded as follows, to wit:

Brookville   June – 1922

This my last will and testament I do give and bequeath to my Dear Husband Uriah Shoffstahl Seven thousand dollars Silver teaspoons rug in dining room table cloth his mother gave him.

I appoint my husband Uriah Shoffstahl my administrator.

Uriah dont sell things at a sacrifice take your time.

If any money left after things are sold divided equally between Uriah, Clara & Ida.

Ida Stahlman Tarrant $2000.00 spare bed room suit rug in bed room parlor rug all my fancy work, Vibrator Vibrator Steamer & Alliminum ware 2 hand-painted pictures, 2 land scape pictures & dishes Jewelry, Water Glasses, China deserts, Hollow handle knives and forks, Vase on piano, 4 small rugs her choice one table cloth, Jardonees.

My sister Clara & Ida are to divide bed clothes and my clothes if there is anything that they would like to have of mine they are to have.

Maxwell I leave One thousand dollars in R. D. McNeil & wife trust for his support & schooling as long as his conduct agrees with his trustees. The money is to be spent on him, If not then the money is to return to my sisters Clara & Ida.

Lutheran Church I leave $500.00 To be put on interest, interest money used for Ministers salary.

One thousand dollars for monument at cemetery $100.00 Liberty Bond cemetery association for upkeep of lot.

Mayme Kuntz piano, bench and music cabinet dining room & Library electric lights one table cloth drawn work rug in library.

Clara McNeil $500 Hall rug & electric light marble top stand, heating pad hand painted dish of Mrs. Lucas handpainted dishes.

Mall and Bess Kuhn one hand painted picture, casserole silver tea pot.

In witness whereof I have hereunto set my hand and seal this 29, day of June A. D. 1922.                                    Mrs. ESTELLA SHOFFSTAHL.

R. M. Neel
Helen B. Neel.

It will be noticed the will makes no specific mention of the real estate. Petitioner contends his wife died intestate as to it, while her two sisters, Clara McNeil and Ida Tarrant, the demurrants, contend testatrix did not die intestate as to the lands mentioned. This is the issue to be determined.

Aside from the $1000 for monument at cemetery and $100 Liberty Bond to the cemetery association for upkeep of lot, the will bequeaths pecuniary legacies to the amount of $11,000. By the inventory and appraisement the personal property of the estate appears to be only $2090.18. Petitioner concedes the personal estate, exclusive of the articles and things specifically bequeathed by the will, is inadequate to pay the pecuniary legacies in full. This situation results from the will itself. To meet it we have section 17 of the Wills Act of June 7, 1917, P. L. 403 (409), which provides that: "All pecuniary legacies contained in any will shall be charged upon, and payable out of, any real estate not specifically devised, where the personal estate is insufficient for their payment, or where the personal estate, though originally sufficient, has been wasted or misapplied by the executor, unless a contrary intention shall appear by the will."

The section mentioned was considered and applied in the following cases: Greaves's Estate, 29 Dist. R. 577; Mulgrew's Estate, 69 Pitts. L. J. 169; Gruner's Estate, 29 Dist. R. 1095.

The Fiduciaries Act of June 7, 1917, P. L. 447, in sections 24 and 25, vests the remedy for the collection, or enforcement of payment, or delivery of all legacies, exclusively in the Orphans' Court, and prescribes the procedure to enforce payment of legacies charged on land.

4 D. & C.

Shoffstahl's Estate.

The intention of the testator must be held to coincide with the provisions of the law under and in the light of which she framed her will, and which then, and when it took effect, were applicable to and woven into its written terms.

We are of opinion, under the facts, that testator did not die intestate as to the land petitioner asks to have appraised and set apart to him, and, therefore, that the demurrer must be sustained.

And now, May 28, 1923, the demurrer is sustained and the petition is dismissed, at the cost of the petitioner.